GRAVOIS, J.,
dissents with reasons.
|TFor the following reasons, I respectfully dissent from the majority’s holding herein that a valid contract existed between the parties.
The language of the document, drafted by Coffman and signed by the parties, specifically states that the house will be built “as shown on the drawings and described in the specifications prepared or to be prepared by the Owner’s architect, _ and to be dated and signed by the parties hereto on the date of submission to the Contractor, which said drawings and specifications are by reference made a part thereof, and, together with this agreement, form the contract.” There is no dispute that the Sutherlands met with an architect on several occasions in an attempt to have plans drafted for construction of the house. The Sutherlands were not able to have completed plans drafted for a house that contained the features they desired and that would fit on the odd-shaped lot where the house was to be built.
The jurisprudence has long recognized that where the language of a contract is clear and unambiguous, it must be interpreted solely by reference to the four corners of that document. Tammariello Properties, Inc. v. Medical Realty Company, Inc., 549 So.2d 1259 (La.App. 3 Cir.1989). When a contract is subject to interpretation from the four corners of the document, without the necessity of extrinsic evidence, that interpretation is a matter of law. NAB Natural Resources, L.L.C. v. Willamette Industries, 2Inc., 28,555 (La.App. 2 Cir. 8/21/96), 679 So.2d 477. When appellate review is not based upon any factual findings made by the trial court but rather, is based upon an independent review and examination of the contract on its face, the manifest error rule does not apply. ScenicLand Const. Co., LLC v. St. Francis Medical Center, Inc., 41,147 (La.App. 2 Cir. 7/26/06), 936 So.2d 247, 251. In this instance, appellate review of questions of law is simply whether the trial court was legally correct or legally incorrect. Id. Accordingly, in my view, this matter requires a de novo review.
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art. 2046.
The language in the document forming the basis of this appeal clearly states that the drawings and specifications together with the document signed by the parties form the contract. Thus, based on the clear reading of the words of the document, no contract was formed because no drawings and specifications were ever submitted to the Contractor and dated and signed by the parties as provided for in the document.
Furthermore, I find Coffman’s argument that the Sutherlands breached the contract by failing to submit the drawings and specifications to be without merit. The document signed by the parties is vague in several areas. First, the document contains no provision as to what would result if the Sutherlands were unable to obtain financing to purchase the lot or to build the house. Under the interpretation urged by Coffman, i.e., that the Sutherlands are liable for the stipulated damages and attorney’s fees if they cancel the contract at any time and for any reason, the Sutherlands would be liable for the alleged stipulated damages and attor- *61 nejfs fees even in the event that they were unable to obtain financing. Second, while the cost of |sthe house is stated to be the cost of permits, inspections, materials and labor, plus a 15% contractor’s fee, the document states that the owner is responsible for any increases in price in materials or labor after the original estimate is given. Third, there is no reference as to the specifications of the house to be built. As such, I find that the price of construction of the house is indeterminate.
The four elements of a valid contract are: (1) the parties must possess the capacity to contract; (2) the parties’ mutual consent must be freely given; (3) there must be a certain object for the contract; and (4) the contract must have a lawful purpose. Provenza v. Central & Southwest Services, Inc., 34,162 (La.App. 2 Cir. 12/15/00), 775 So.2d 84. In my view, given the vague language with regard to the description of the house to be built and the indeterminate price, even ignoring the language of the document that requires the drawings and specifications be submitted to the Contractor to form the contract, a valid contract did not exist because the alleged contract lacked a certain object. See, White Properties Inc. v. LoCoco, 377 So.2d 474 (La.App. 4 Cir.1980), writ denied, 380 So.2d 99 (La.1980).
For these reasons, I would reverse the judgment of the trial court and render judgment in favor of the defendants, thereby dismissing plaintiffs suit.